UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GREG ALLEN BRENEMAN,

|  |  |
|---|---|
| Petitioner, | Case No. 1:23-cv-640 |
| v. | Honorable Phillip J. Green |
| FREDEANE ARTIS, | |
| Respondent. | |
| _____/ | |

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5; ECF No. 7, PageID.54.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the

action, and brought under a court's authority, by formal process." *Murphy Bros. v.*
*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under
longstanding tradition in our system of justice, is fundamental to any procedural
imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and
is required to take action in that capacity, only upon service of a summons or other
authority-asserting measure stating the time within which the party served must
appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant
agrees to waive service, the summons continues to function as the *sine qua*
*non* directing an individual or entity to participate in a civil action or forgo procedural
or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before
service, creates a circumstance where there may only be one party to the proceeding—
the petitioner. Because Respondent has not yet been served, the undersigned
concludes that Respondent is not presently a party whose consent is required to
permit the undersigned to conduct a preliminary review of the petition. *See Neals v.*
*Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent
from the defendants[; h]owever, because they had not been served, they were not
parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's
consent is sufficient to permit the undersigned to conduct the Rule 4 review.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017)
(concluding that, when determining which parties are required to consent to proceed before a
United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the
United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a
screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c));
*Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies. The Court will also deny Petitioner's motion (ECF No. 1) to stay these proceedings and hold his amended habeas petition in abeyance.

## Discussion

### I.      Factual Allegations

Petitioner Greg Allen Breneman is incarcerated by the Michigan Department of Corrections (MDOC) at the Thumb Correctional Facility (TCF) in Lapeer, Lapeer County, Michigan. Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws

---

the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

§ 750.520b(1)(a); two counts of second-degree criminal sexual conduct (CSC-II), in violation of Mich. Comp. Laws § 750.520c(1)(a); and one count of aggravated indecent exposure, in violation of Mich. Comp. Laws § 750.335a. *See People v. Breneman*, No. 340824, 2019 WL 254277, at *1 (Mich. Ct. App. Jan. 17, 2019). The trial court sentenced Petitioner as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to 26 to 75 years' incarceration for the CSC-I convictions, 12 to 30 years' incarceration for the CSC-II convictions, and a term of 2 to 4 years' incarceration for the aggravated indecent exposure conviction. *See id.*

Petitioner appealed to the Michigan Court of Appeals, raising the following claims for relief: (1) counsel rendered ineffective assistance by failing to object to "inadmissible testimony given by two sexual assault experts," *id.*; and (2) the prosecution "engaged in misconduct that deprived him of a fair trial [by eliciting] the . . . challenged testimony from the nurse examiner and the expert witness," *id.* at *5. On January 17, 2019, the court of appeals affirmed Petitioner's convictions and sentences. *Id.* at *1. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on December 29, 2019. *People v. Breneman*, 936 N.W.2d 288 (Mich. 2019).

Petitioner then filed a *pro se* motion for relief from judgment pursuant to Rule 6.500 of the Michigan Court Rules. (ECF No. 7-1, PageID.82–95.) In that motion, Petitioner asserted that counsel was ineffective for failing to "request the possibility of using a[n] expert witness at trial." (*Id.*, PageID.92.) After the prosecution filed a response to Petitioner's motion, the trial court appointed counsel to represent

Petitioner and ordered that counsel supplement or amend the 6.500 motion within 56 days. (*Id.*, PageID.103–104.) On February 2, 2021, counsel Mary Owens filed a supplemental 6.500 motion on Petitioner's behalf. (*Id.*, PageID.105–123.) The supplement raised the following grounds for relief: (1) expert witness Barb Welke engaged in impermissible vouching for the victim's credibility; (2) counsel was ineffective for failing to object to the vouching, failing to obtain the victim's school and counseling records, and failing to obtain crucial discovery, such as a tape-recorded interview of Petitioner; and (3) Petitioner's due process rights were violated by a lack of judicial impartiality. (*Id.*, PageID.106–107.)

The trial court held an evidentiary hearing with respect to Petitioner's motion for relief from judgment on March 19, 2021. (*Id.*, PageID.124.) After hearing testimony from various witnesses, the trial court orally indicated its intent to deny the 6.500 motion. (ECF No. 7-2, PageID.230–233.) The order denying the motion was entered on April 1, 2021. (*Id.*, PageID.255.) Petitioner, through counsel, filed a delayed application for leave to appeal to the Michigan Court of Appeals. (*Id.*, PageID.253–277.) The court of appeals denied that application on February 16, 2022. (*Id.*, PageID.278.) Petitioner then filed a *pro se* application for leave to appeal to the Michigan Supreme Court. (*Id.*, PageID.279–325.) The supreme court denied that application on January 31, 2023. (*Id.*, PageID.326.)

On March 31, 2023, Petitioner filed a *pro se* Rule 6.502 successive motion for relief from judgment. (ECF No. 7-3, PageID.326–392.) In that motion, Petitioner alleged that trial counsel was ineffective for: (1) failing to move to quash evidence

regarding a blanket; (2) failing to present evidence of motive pursuant to Michigan

Rule of Evidence 404(b); (3) failing to obtain school records; and (4) failing to protect

Petitioner from an enhanced sentence. (*Id.*, PageID.363.) In an order entered on April

24, 2023, the trial court denied Petitioner's motion, concluding that it failed to meet

the standard for a successive motion for relief from judgment because it did not allege

the existence of any newly discovered evidence. (*Id.*, PageID.395–398.) Petitioner's

delayed application for leave to appeal that denial is still pending before the Michigan

Court of Appeals. *See* Register of Actions, *People v. Breneman*, Case No. 366586,

https://www.courts.michigan.gov/c/courts/coa/case/366586 (last visited Aug. 16,

2023).

On June 20, 2023, Petitioner filed a "Motion to Hold in Abeyance Petition for

Writ of Habeas Corpus." (ECF No. 1.) Petitioner asserted that he had "several

unexhausted claims that must be brought before the state courts before being added

to his complete list of habeas claims," and requested that this Court "hold any/all

pending habeas claims in abeyance to seek state exhaustion requirements." (*Id.*,

PageID.2.) In an order (ECF No. 6) entered on July 6, 2023, the Court noted that it

was "premature to say anything regarding the propriety of Petitioner's request for a

stay because Petitioner ha[d] not actually filed a habeas corpus petition setting forth

his claims for relief." (*Id.*, PageID.20–21.) The Court directed Petitioner to file an

amended habeas petition setting forth all the grounds for relief he intended to raise,

even if presently unexhausted, within 28 days. (*Id.*, PageID.21.)

On July 28, 2023, the Court received Petitioner's amended habeas corpus petition, raising four grounds for relief, as follows:

     I.     Failure of counsel to quash blanket evidence that was contaminated.

     II.    Counsel['s] waiver of 404(b) prejudice[d] [Petitioner] of a defense.

     III.   Failure to obtain victim's school records at previous school.

     IV.   Trial court abused its discretion where [Petitioner] showed ineffective assistance [of] trial and [appellate] counsel.

(Am. Pet., ECF No.7, PageID.31–36.) Petitioner suggests that these four grounds for relief are the same as those he raised in his successive 6.500 motion, and that his appeal from the denial of that motion is still pending in the Michigan Court of Appeals. (*Id.*)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must

raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that his claims are unexhausted. Indeed, Petitioner has moved the Court to enter an order staying these proceedings and holding them in abeyance as contemplated in *Rhines v. Weber*, 544 U.S. 269, 277 (2007). (ECF No. 1.) As noted above, Petitioner recently filed a successive Rule 6.500 motion, which the trial court denied. Petitioner's appeal from that denial is still pending in the Michigan Court of Appeals. The special remedy set forth in *Rhines* became necessary because the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1). Thus, dismissal without prejudice might effectively preclude future federal habeas review. This result was rendered more likely after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to such petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a petition that contains unexhausted claims could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims

in the state court. *Id.*; *see also Rhines*, 544 U.S. at 277 (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, the Michigan Supreme Court denied Petitioner's application for leave to appeal by order entered on December 29, 2019. *People v. Breneman*, 936 N.W.2d 288 (Mich. 2019). Petitioner did not petition the United States Supreme Court for certiorari. The one-year limitations period, however, did not begin to run until the period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Because the Michigan Supreme Court entered the order denying discretionary review before July 19, 2021, the period to file a petition for certiorari was 150 days.[2] The 150-day period expired on May 27, 2020. Thus, absent tolling, Petitioner would have one year, until May 27, 2021, in which to file his federal habeas petition. Petitioner filed this action on June 20, 2023.

---

[2] *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Here, Petitioner reports that he filed his first motion for relief from judgment pursuant to Rule 6.500 on January 9, 2020. (Am. Pet., ECF No. 7, PageID.32.) Those proceedings remained pending until January 31, 2023, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. (ECF No. 7-2, PageID.326.) Petitioner then filed his successive Rule 6.500 motion on March 31, 2023. (ECF No. 7-3, PageID.326–392.) Petitioner's appeal from the denial of that motion remains pending in the Michigan Court of Appeals.

Thus, so long as proceedings for Petitioner's second Rule 6.500 motion remain pending, the time will not count against him. However, after the Michigan Supreme Court rules on any application for leave to appeal that Petitioner may file, the statute of limitations will run.

Based on Petitioner's representations, his period of limitation has run from January 31, 2023, to March 31, 2023—a total of 59 days. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a

motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than 300 days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will deny Petitioner's motion (ECF No. 1) for that relief. Instead, the Court will simply dismiss the petition for failure to exhaust available state court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies, denying Petitioner's motion (ECF No. 1) to hold his amended habeas petition in abeyance, and denying a certificate of appealability.

Dated:   August 16, 2023                          /s/ Phillip J. Green
                                                  Phillip J. Green
                                                  United States Magistrate Judge

12